UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLOIRDA

CASE NO. 11-1824-CIV-ZLOCH / ROSENBAUM

RICHARD D. HERNANDEZ,
JOSEPH ELLIS,
ANTONIO ABRAMS,
MARK ANZALONE,
EDWIN BERRY,
TIMOTHY CALKINS,
RONALD CARTRETTE,
JUSTIN COLE,
BRANDON CRUZ,
KYLE DESJARDINS,
DAVID GETSINGER,
DARREN GRAY,
LUIS GUITIERREZ,
BRIAN HILL,
JOSEPH JACKSON,
JERMAINE JENKINS,
FRED LUKE,
DAVID MCAFEE,
ARCHIE MCDOUGAL,
ANTHONY MITCHELL,
SHANNON NEWKIRK,
SEAN OWENS,
CHRIS RENSHAW,
NEIL SALMONSEN,
STEPHEN SPENCE,
JOSEPH STOKES,
COREY SYKES,
KEVIN TALLY,
MATTHEW THOMPSON,
SCOTT THOMPSON,
TROY WILLIAMS, and
BERNARD YOUNG,

     Plaintiffs,

v.

ECHOSPHERE, L.L.C.,
a Colorado Limited Liability Company,
DISH NETWORK, L.L.C.,
a Colorado Limited Liability Company, and
DISH NETWORK SERVICE, L.L.C.,
a Colorado Limited Liability Company,

DISH NETWORK CORPORATION,
a Nevada Corporation.

     Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiffs, RICHARD D. HERNANDEZ, JOSEPH ELLIS, ANTONIO ABRAMS, MARK ANZALONE, EDWIN BERRY, TIMOTHY CALKINS, RONALD CARTRETTE, JUSTIN COLE, BRANDON CRUZ, KYLE DESJARDINS, DAVID GETSINGER, DARREN GRAY, LUIS GUITIERREZ, BRIAN HILL, JOSEPH JACKSON, JERMAINE JENKINS, FRED LUKE, DAVID MCAFEE, ARCHI MCDOUGAL, ANTHONY MITCHELL, SHANNON NEWKIRK, SEAN OWENS, CHRIS RENSHAW, NEIL SALMONSEN, STEPHEN SPENCE, JOSEPH STOKES, COREY SYKES, KEVIN TALLY, MATTHEW THOMPSON, SCOTT THOMPSON, TROY WILLIAMS, and BERNARD YOUNG, by and through their undersigned counsel, hereby sue Defendants, ECHOSPHERE, L.L.C., DISH NETWORK, L.L.C., DISH NETWORK SERVICE, L.L.C., and DISH NETWORK CORPORATION, and allege the following cause(s) of action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"):

    1.    This is an action for damages in excess of Fifteen Thousand Dollars, and as a court of general jurisdiction, this Court has subject matter jurisdiction over the cause alleged.

    2.    Plaintiffs, RICHARD D. HERNANDEZ and JOSEPH ELLIS, are individuals who performed a substantial part of their work duties for Defendants within the jurisdiction of this Court, and Plaintiffs were subjected to the same policies and practices as all other plaintiffs (as further alleged herein). Accordingly jurisdiction and venue lie in this Court over the transactions or occurrences at issue.

-

    3.       During the material time (as further alleged herein), all Plaintiffs were employed by Defendants during one or more workweeks as field service specialists, also generally known as technicians, who provided installation and repair of Defendants' satellite television services and products, as well as related services and labor.

    4.       The material time is the applicable statute of limitations prior to the instant lawsuit, as tolled or extended by agreement or operation of law, including without limitation as tolled by having opted into the case of *Shim v. Echosphere, L.L.C.*, Case No. 10-60024-Civ-Zloch in the United States District Court of the Southern District of Florida during the pendency of an alleged collective action (the "material time").,

    5.       Generally, Plaintiffs were required to arrive at an office or other location of Defendants each day in the early morning to be assigned jobs for the day.  The work to be done was determined or directed by Defendants.  The customer location at which the work was to be done was determined or directed by Defendants, and the schedule of the work was determined or directed by Defendants – usually in terms of appointment windows throughout the day.

    6.       Plaintiffs were obligated to complete the work assigned to them each day, as well as to perform other assigned duties in addition during each day, all for the benefit of, and at the sufferance of, Defendants, all as alleged in Paragraph No. 14.

    7.       Specifically, and subject to any tolling or extension of the material time, the Plaintiffs worked for Defendants during the following approximate times, at the following locations:

| Name | Approximate Work Start Date | Approximate Work End Date | Work Location |
|---|---|---|---|
| Hernandez, Richard D. | 4/2009 | 6/2010 | Fort Lauderdale, FL |

| | | | |
|---|---|---|---|
| Ellis, Joseph | 2/2008 | 2/2009 | Fort Lauderdale, FL |
| Abrams, Antonio | 9/2006 | 8/2009 | Greensboro, NC |
| Anzalone, Mark | 2/2007 | 5/2008 | Chatsworth, CA |
| Berry, Edwin | 3/2007 | 8/2008 | Greensboro, NC |
| Calkins, Timothy | 12/2006 | 11/2007 | Rochester, NY |
| Cartrette, Ronald | 12/2008 | present | Greensboro, NC |
| Cole, Justin | 6/2008 | 1/2009 | Almond Hills, MI |
| Cruz, Brandon | 8/2006 | 8/2010 | Lanham, MD |
| Desjardins, Kyle | 05/2008 | 08/2009 | Santa Ana, CA |
| Getsinger, David | 10/2008 | 5/2009 | Venecia, CA |
| Gray, Darren | 6/2006 | 7/2010 | Lanham, MD |
| Guitierrez, Luis | 1/2006 | 1/2009 | El Paso, TX |
| Hill, Brian | 10/2006 | 7/2009 | Lanham, MD |
| Jackson, Joseph | 8/2005 | 7/2010 | Chatsworth, CA |
| Jenkins, Jermaine | 7/2007 | 4/2010 | Greensboro, NC |
| Luke, Fred | 10/2008 | 4/2009 | Philadelphia, PA |
| McAfee, David | 6/2008 | 11/2008 | Chicago, IL |
| McDougal, Archie | 1/2007 | present | Baltimore, MD |
| Mitchell, Anthony | 7/2008 | 7/2009 | St. Louis, MO |
| Newkirk, Shannon | 1/2004 | 4/2008 | Denver, CO |
| Owens, Sean | 6/2007 | 1/2008 | Philadelphia, PA |
| Renshaw, Chris | 11/2008 | 10/2009 | Maplewood, MN |

| | | | |
|---|---|---|---|
| Salmonsen, Neil | 12/2005 | 8/2007 | Wilksburg, PA |
| Spence, Stephen | 9/2007 | 2/2010 | Greensboro, NC |
| Stokes, Joseph | 10/2008 | 3/2009 | Bothell, WA |
| Sykes, Corey | 5/1/2006 | 11/1/2007 | Moquina, IL |
| Tally, Kevin | 10/2008 | 5/2010 | Greensboro, NC |
| Thompson, Matthew | 5/2008 | 8/2008 | Chicago, IL |
| Thompson, Scott | 5/2008 | 12/2008 | Rolling Meadows, IL |
| Williams, Troy | 9/2008 | 9/2009 | Baltimore, MD |
| Young, Bernard | 1/2008 | 8/2009 | Pittsburgh, PA |

8.  At all times material hereto, Plaintiffs were paid on an hourly basis, classified by Defendants as non-exempt under the FLSA and entitled to overtime pay for hours worked in excess of forty in a given workweek ("overtime hours").

9.  Plaintiffs regularly worked overtime hours during their employment. However, Defendants did not properly credit and compensate Plaintiffs for all the overtime hours they worked, due to a policy or practice of failing to credit start times properly in the morning upon commencement of compensable work time, failing to credit training time properly when resulting in overtime hours, and deducting automatically a 30-minute lunch break each day from Plaintiffs' work hours, even when they could not take a bona fide meal break because of their obligation to complete the work assigned by Defendants.

10. All Plaintiffs were technicians who performed work assigned by, and for the benefit of Defendants.

11. All Plaintiffs were paid on an hourly basis by Defendants.

12. All Plaintiffs were subject to substantially the same terms of employment with Defendants.

13. All Plaintiffs were eligible for substantially the same benefits due to employment with Defendants.

14. At any given time, all Plaintiffs were subject to substantially similar time keeping practices of Defendants.

15. All Plaintiffs were subject to a common policy or practice of Defendants of regularly having to work through purported meal breaks that were not compensated by Defendants in order to complete the work assigned by Defendants.

16. Regardless of having worked in different parts of the country, all Plaintiffs were subjected to this same, common policy or practice.

17. All Plaintiffs were similarly damaged by Defendants due to this same, common policy or practice, and the damages are similarly calculated as a simple function of each person's overtime rate of hourly pay, times the average number of working lunches deducted or required to be recorded by Defendants for the average amount of such time deducted or required to be recorded by Defendants.

18. Defendants have classified all Plaintiffs similarly as non-exempt and as entitled to overtime pay for overtime hours worked.

19. Defendant, ECHOSPHERE, L.L.C., is a corporation with a principal place of business in Englewood, Colorado. At all times material, Defendant, ECHOSPHERE, L.L.C., did business through various divisions and subsidiaries across the United States, including DISH NETWORK, L.L.C.

20. Defendant, DISH NETWORK, L.L.C., is a Colorado limited liability company, with a principal place of business in Englewood, Colorado. At all times material, Defendant, DISH NETWORK, L.L.C., was authorized to do business in the state of Florida. Defendant does business within the jurisdiction of this Court, and is within the personal jurisdiction and venue of this Court.

21. Defendant, DISH NETWORK SERVICE, L.L.C., is a Colorado limited liability company, with a principal place of business in Englewood, Colorado. At all times material, Defendant, DISH NETWORK, L.L.C., was authorized to do business in the state of Florida. Defendant does business within the jurisdiction of this Court, and is within the personal jurisdiction and venue of this Court.

22. Defendant, DISH NETWORK CORPORATION., is a Nevada corporation with a principal place of business in Englewood, Colorado, doing business as "Dish" or "Dish Networks," among other trade names and marks. At all times material, Defendant, DISH NETWORK CORPORATION, did business directly and through various subsidiaries, divisions or affiliated companies across the United States, including without limitation, the other named Defendants. Defendant does business within the jurisdiction of this Court, and is within the personal jurisdiction and venue of this Court.

23. Each of the Defendants, ECHOSPHERE, L.L.C., DISH NETWORK, L.L.C., DISH NETWORK SERVICE, L.L.C., DISH NETWORK CORPORATION, and each of their divisions, however constituted, employ or employed Plaintiffs or acted in the interests of an employer toward Plaintiffs, directly or indirectly, jointly or severally, at all material times, including without limitation directly or indirectly controlling and directing the terms of employment and compensation of Plaintiffs.

24. At all times pertinent to this Complaint, Defendants, DISH NETWORK, L.L.C., ECHOSPHERE, L.L.C., DISH NETWORK SERVICE, L.L.C., and DISH NETWORK CORPORATION, and their related divisions, singularly and collectively, were enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act. The annual gross sales volume of Defendants, collectively and singularly, was in excess of $500,000.00.

25. The records, if any, concerning the number of hours purportedly worked by Plaintiffs, as well as additional records indicating the actual hours worked by Plaintiffs are generally not in the possession of Plaintiffs but are expected to be in the possession of Defendants, as are records of the compensation actually paid to such employees.

26. Plaintiffs have retained the Shavitz Law Group, P.A. to represent each of them, and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorney's fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## BY EACH PLAINTIFF, INDIVIDUALLY, AGAINST DEFENDANTS

27. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 26 above.

28. Plaintiffs are or were employed by Defendants and are or were entitled under the FLSA to be paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

29. Plaintiffs regularly worked overtime hours for the benefit or at the sufferance of Defendants.

30. As a result of the policies and practices alleged during the material time, Defendants failed to compensate Plaintiffs at time and one-half of their regular rate of pay (the "overtime rate") for their overtime hours worked, thereby violating the FLSA as to each Plaintiff individually.

31. The policies and practices of Defendants, and the actions or omissions by or on behalf of Defendants incident to such policies and practices, were intentional and willful.

32. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have each suffered damages, including without limitation unpaid overtime wages (calculated as unpaid overtime hours at the respective overtime rate(s) during the material time), plus incurring costs and reasonable attorney's fees.

33. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to liquidated damages and a three-year statute of limitations.

34. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, RICHARD D. HERNANDEZ, JOSEPH ELLIS, ANTONIO ABRAMS, MARK ANZALONE, EDWIN BERRY, TIMOTHY CALKINS, RONALD CARTRETTE, JUSTIN COLE, BRANDON CRUZ, KYLE DESJARDINS, DAVID GETSINGER, DARREN GRAY, LUIS GUITIERREZ, BRIAN HILL, JOSEPH JACKSON, JERMAINE JENKINS, FRED LUKE, DAVID MCAFEE, ARCHIE MCDOUGAL, ANTHONY MITCHELL, SHANNON NEWKIRK, SEAN OWENS, CHRIS RENSHAW, NEIL SALMONSEN, STEPHEN SPENCE, JOSEPH SYKES, COREY SYKES, KEVIN TALLY, MATTHEW THOMPSON, SCOTT THOMPSON, TROY WILLIAMS, and BERNARD YOUNG, demand judgment against Defendants, DISH NETWORK, L.L.C., DISH NETWORK SERVICE, L.L.C., ECHOSPHERE, L.L.C., and DISH NETWORK CORPORATION, jointly and severally, for the payment of

compensation for all overtime hours due to them, liquidated damages, reasonable attorney's fees and costs of suit, prejudgment interest, and for all other appropriate relief.

Dated: September 6, 2011　　　　　　　　　　　　Respectfully submitted,
　　　　Boca Raton, Florida

　　　　　　　　　　　　　　　　　　　　**/s/ Hal B. Anderson**
　　　　　　　　　　　　　　　　　　　　Gregg I. Shavitz (Fla Bar No. 11398)
　　　　　　　　　　　　　　　　　　　　E-mail: gshavitz@shavitzlaw.com
　　　　　　　　　　　　　　　　　　　　Hal B. Anderson (Fla. Bar No. 93051)
　　　　　　　　　　　　　　　　　　　　Email: hal.anderson@shavitzlaw.com
　　　　　　　　　　　　　　　　　　　　SHAVITZ LAW GROUP, P.A.
　　　　　　　　　　　　　　　　　　　　1515 South Federal Highway, Suite 404
　　　　　　　　　　　　　　　　　　　　Boca Raton, Florida 33432
　　　　　　　　　　　　　　　　　　　　Telephone:  (561) 447-8888
　　　　　　　　　　　　　　　　　　　　Facsimile:  (561) 447-8831
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs